Pfeifer, J.,
dissenting.
{¶ 109} The court below relied on Johnson v. BP Chems., Inc. (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107, in determining that R.C. 2745.01 is unconstitutional. That reliance was appropriate. Johnson made it clear in decisive terms that the General Assembly could not constitutionally prevent employees from recovering civil damages for injuries caused by their employers’ intentional tortious conduct. In Johnson, this court noted that the General Assembly had already attempted to *277 grant employers such immunity in former R.C. 4121.80 and that that statute had been struck down by this court in Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 576 N.E.2d 722. This court wrote in Johnson:
{¶ 110} “Notwithstanding, the General Assembly has enacted R.C. 2745.01, and, again, seeks to cloak employers with immunity. In this regard, we can only assume that the General Assembly has either failed to grasp the import of our holdings in Brady or that the General Assembly has simply elected to willfully disregard that decision.” Johnson, 85 Ohio St.3d at 304, 707 N.E.2d 1107.
{¶ 111} Déjá vu.
{¶ 112} The court noted in Johnson that although certain aspects of former R.C. 4121.80 were different from the version of R.C. 2745.01 at issue in Johnson, the purposes of both were the same:
{¶ 113} “Clearly, the constitutional impediments at issue in Brady, concerning former R.C. 4121.80, also apply with equal force to R.C. 2745.01. Both statutes were enacted to serve identical purposes. Like former R.C. 4121.80, R.C. 2745.01 was created to provide immunity for employers from civil liability for employee injuries, disease, or death caused by the intentional tortious conduct of employers in the workplace.” Johnson, 85 Ohio St.3d at 305, 707 N.E.2d 1107.
{¶ 114} Déjá vu.
{¶ 115} In Johnson, this court held that a statutory scheme that allows an employee to recover civil damages only if his or her employer acts deliberately and intentionally creates only an illusory cause of action:
{¶ 116} “By establishing the foregoing standards in R.C. 2745.01, the General Assembly has created a cause of action that is simply illusory. Under the definitional requirements contained in the statute, an employer’s conduct, in order to create civil liability, must be both deliberate and intentional. Therefore, in order to prove an intentional tort in accordance with R.C. 2745.01(D)(1), the employee, or his or her survivors, must prove, at a minimum, that the actions of the employer amount to criminal assault.” (Emphasis sic.) Johnson, 85 Ohio St.3d at 306, 707 N.E.2d 1107.
{¶ 117} Déjá vu.
{¶ 118} In all pertinent regards, the statute this court addresses today is the same as the one it addressed in Johnson. Only the result in this case is different. As the majority decision points out in its discussion of the history of workplace intentional torts in Ohio, ever since this court recognized an employee’s right to civil damages for injuries suffered due to his or her employer’s intentional acts, the General Assembly has sought to squelch that right. This court’s recognition of the availability of recovery for workplace intentional torts in Blankenship v. Cincinnati Milacron Chems., Inc. (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 *278 N.E.2d 572, and its holding that a specific intent to injure is not necessary to prove intentional misconduct in Jones v. VIP Dev. Co. (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046, begat former R.C. 4121.80, which begat this court’s response in Brady, which begat another attempt by the General Assembly to foreclose employer liability in former R.C. 2745.01, which begat this court’s strong contrary response in Johnson, which begat the General Assembly’s third legislative attempt to end liability for workplace intentional torts with R.C. 2745.01. In the midst of that tug of war, this court developed in Fyffe v. Jeno’s, Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, a workable common-law test to determine the requisite intent to prove a workplace intentional tort, a test rooted in Section 8(A) of the Restatement of Law 2d, Torts. But today, the cycle ends, as the General Assembly has found a court that agrees with it: workers have no constitutionally protected right to seek redress for injuries suffered from their employer’s intentional torts.
Jeffries, Kube, Forrest & Monteleone Co., L.P.A., David A. Forrest, Jarret J. Northup, and Bradford D. Zelasko; and Dennis A. DiMartino, for appellee.
Tucker, Ellis & West, L.L.P., Irene C. Keyse-Walker, and Benjamin C. Sassé, for appellant.
Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, urging affirmance for amicus curiae Ohio AFL-CIO.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.
Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., Theodore A. Bowman, and Russell Gerney, urging affirmance for amicus curiae UFCW Local 911 and AFSCME Local 2415.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Todd A. Nist, Assistant Solicitor, urging reversal for amicus curiae Attorney General of Ohio.
{¶ 119} That this court reaches that decision today is, standing alone, no sin. The common law does, necessarily, evolve and change. The common law, however, should not be ignored; its repudiation should at least be acknowledged. Without overturning years of contrary precedent, this court anoints the General Assembly’s abolition of workplace intentional torts.
{¶ 120} I disagree with the majority decision. I would follow this court’s precedent in Johnson, Fyffe, Brady, Jones, and Blankenship and affirm the judgment of the court of appeals. Accordingly, I dissent.
*279 Porter, Wright, Morris & Arthur, L.L.P., Carolyn A. Taggart, and J.H. Huebert, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey; Vorys, Safer, Seymour & Pease, L.L.P., and Robert A. Minor; and Bricker & Eckler, L.L.P., Anne Marie Sferra, and Thomas R. Sant, urging reversal for amici curiae Ohio Chamber of Commerce, Ohio Self-Insurers Association, Ohio Chapter of National Federation of Independent Business, and Ohio Manufacturers Association.
White, Getgey & Meyer Co., L.P.A., David P. Kamp, and Carl J. Stich Jr., supporting neither side for amicus curiae Amantea Nonwovens, L.L.C.